# Lucas Coal Company, Limited, Plff. in Err., *v.* Hunt & Connell, Limited.

In an action of assumpsit on a book account an affidavit of defense which alleges that the plaintiff had by agreement under seal accepted the promise of a third person, in payment of the debt, must set forth the contract in full.

(Argued February —, 1887.     Decided March 7, 1887.)

July Term, 1886, No. 81, E. D.     Error to the Common Pleas of Lackawanna County to review a judgment for want of a sufficient affidavit of defense in an action of assumpsit.     Affirmed.

The plaintiff below, Hunt & Connell, Limited, brought this action on a book account for goods sold and delivered to the defendant below, the Lucas Coal Company, Limited.     The copy of the book account filed was not signed by the plaintiff's attorney.     A formal *narr.,* containing the common counts in assumpsit, was filed with the copy.     On this *narr.* was noted: "For copy of account see statement hereto attached."

The defendant filed the following affidavit of defense:

"The defendant has a just and full defense to the plaintiff's claim in this case, the nature and character of which is as follows: The Union Coal Company, Limited, 'assumed' and agreed to pay certain debts of the defendant, among which was the claim of the plaintiffs in this case.     This agreement was made in consideration of a lease from the defendant to said Union Coal Company, Limited, of the Lucas Colliery and property appurtenant thereto.

"In October, 1884 (the contract does not recite the day of the month), the plaintiff and other creditors of the defendant whose claims were assumed as aforesaid, signed, executed, and delivered a contract under seal to said Union Company wherein and whereby the plaintiff agreed to accept payment of the claim

NOTE.—Written agreements, relied on as a defense, must be set forth in the affidavit of defense (Erie v. Butler, 120 Pa. 374, 14 Atl. 153; Willard v. Reed, 132 Pa. 5, 18 Atl. 921); unless it be alleged that the paper is in the possession of the plaintiff, or a third person, or is destroyed (Smith v. Smith, 135 Pa. 48, 21 Atl. 168; Wanner v. Emanuel's Church, 174 Pa. 466, 34 Atl. 188).

which is the subject-matter of this suit of the said Union Coal Company, Limited. And the said contract recited as the consideration thereof the agreement of said Union Coal Company, Limited, to pay said indebtedness; and the said plaintiff then agreed to collect the claim demanded in this suit of the said Union Coal Company, Limited, and to accept the agreement of the said Union Coal Company, Limited, in the place and in lieu of the contract and indebtedness of the defendant to the plaintiff; all of which was then consented to, accepted, and orally agreed upon by the defendant, by the plaintiff, and by said Union Coal Company, Limited, as your deponent verily believes.

"And your deponent is informed and believes that by said agreement a novation of contract was effected and the defendant was released and discharged from the payment of said indebtedness.

"All of which they and your deponent expect to be able to prove on the trial of this case.

"And your deponent is informed and believes that the copy filed in this case is not properly certified by counsel."

The court, HAND, P. J., saying that the contract alleged was not set forth fully and no reason given why it was not, entered judgment for the plaintiffs for want of a sufficient affidavit of defense; and this was assigned as error.

*S. B. Price* and *James W. Oakford,* for plaintiff in error.— In a suit upon a book account, the copy filed should bear a certificate, signed by plaintiff's counsel upon its face or indorsed in his handwriting, that it is a copy. Endlich, Affidavits of Defense, 221; Oakley v. Griffin, 7 Luzerne Legal Reg. 191; Hunt v. Clark, 1 W. N. C. 28; Kelly v. Livingston, 1 W. N. C. 95.

The agreement between the parties to this suit was and is alleged in the affidavit to have been an oral contract. The Lucas Company did not rely upon the written agreements mentioned in the affidavit, between the Union Company and the Lucas Company, nor the lease. They were matters of inducement leading to the oral contract between the three parties, which effected the novation and released the Lucas Company from the claim demanded in this suit.

If, in an affidavit of defense, the defendant does rely upon a written agreement and sets forth the legal effect thereof, that ought to be sufficient.

The reason why judgment was allowed in Marsh v. Marshall, 53 Pa. 396, was that the affidavit set forth the contract defectively; in Birkey v. Whitaker, 4 W. N. C. 137, because the contract was neither set forth nor a copy attached.

In a special count upon a written contract, if the legal effect of the agreement is given, it is sufficient. 1 Chitty, Pl. 306, 14th Am. ed.

If A owes B, and C agrees with A that he will pay B, and B agrees with C that he will accept his promise in lieu of A's indebtedness, and the three parties consent to this arrangement, a novation is thus effected. Novation is the substitution of a new obligation for an old one. The old debt is extinguished—it is an accord executed. 2 Chitty, Contr. 1371–1381, and cases cited; 2 Bouvier, Law Dict. 241, 242, *Novation.*

If a prima facie case is set forth in the affidavit, judgment should not be ordered. Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny Nat. Bank, 96 Pa. 135; Hugg v. Scott, 6 Whart. 274.

*A. L. Baker,* for defendant in error.—In an affidavit of defense the facts should not be set forth in any equivocal or evasive manner, but with reasonable precision, so that the plaintiff may be accurately advised of the true nature of the defense, if any exists. Noble v. Kreuzkamp, 111 Pa. 68, 2 Atl. 419.

The affidavit must be construed most favorably for the plaintiff, as it is altogether probable that the defendant will in all cases state the nature and character of the defense as strongly as the facts will justify. Comly v. Bryan, 5 Whart. 261.

The defendant must state his facts so as to be liable to an indictment for perjury if his statements are untrue. Endlich, Affidavits of Defense, § 369; Cumberland Bldg. & L. Asso. v. Brown, 4 W. N. C. 494.

Parol agreements intended to vary written instruments must be set out in the affidavit of defense with much particularity; and none of the allegations required to make them effective must be omitted. There should be some explanation or reason given for a departure from the usual course of business. Biddle v. Wilhem, 40 Phila. Leg. Int. 382.

An affidavit which attempted to set up a parol contract different from that disclosed by the writing amounted to a contradiction of the same, and was inadmissible without also averring

fraud or mistake. Hains v. Rapp, 2 W. N. C. 595; Hill v. Gaw, 4 Pa. 493.

The very purpose of authorizing judgment to be given for want of a sufficient affidavit of defense is to save the necessity of a trial which can only result unfavorably to the defendant. Black v. Halstead, 39 Pa. 71.

The affidavit must be a specific statement of facts, not inferences, and the court is to judge of the legal effect of the facts stated. Mitchell, Motions & Rules, 66; Endlich, Affidavits of Defense, § 347.

Filing a copy of the book account is sufficient certification. The filing of an affidavit of defense to the merits is a waiver of mere formal objections (Laird v. Campbell, 8 W. N. C. 134), even if the objections were otherwise pertinent.

PER CURIAM:

The alleged written contract sustains so important a relation to the defense of the defendant below that we think the learned judge committed no error in holding that it should have been fully set forth in the affidavit of defense.

Judgment affirmed.